(No. 3451— )

ROBERT HOGUE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1940.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Robert Hogue filed his claim Pro Se on February 6, 1940 asking for balance due on temporary total disability of $19.53, and a further award of $524.00 for the loss of the index finger of the left hand.

A stipulation has been filed whereby a report by M. K. Lingle, State Engineer of Claims, is accepted as a statement of the facts herein. Such report states that Robert Hogue is twenty-five years of age, resides at Metropolis, Illinois and was first employed by the Division of Highways of Illinois on July 19, 1939 as a common laborer at the rate of fifty (50) cents per hour. From said date until November 4, 1939 he was paid wages in the total sum of $33.00. On the latter date

while engaged in cutting and burning brush along the right-of-way of U. S. Route 45 north of Mermet, Illinois, he lost his footing and fell, and the axe which he was holding in his right hand struck the index finger of his left hand, severing same. He was placed under the care of Dr. J. A. Fisher at Metropolis and the latter, on December 26th, reported as follows: "Completed amputation of first and part of second phalanx of first finger of right hand. Permanent disability. Loss of first and part of second phalanx of first finger of right hand. Able to return to work December 14, 1939." The reference to the *right* hand in the above report is an error, as the disability was actually to the index finger of the left hand as recited by claimant and as reported by his Foreman William Fox. Claimant was paid compensation for temporary disability in the total sum of $45.97 for the period from November 5th to December 13, 1939.

At the time of the accident claimant had two children under the age of sixteen years and a wife, dependent upon him for support. The Highway Division paid the hospital at Metropolis $42.00 for services rendered and these are all the expenses which arose out of the accident. Employees engaged in similar activities in which the claimant was engaged work less than two hundred (200) days a year.

From the foregoing statement it appears that temporary total disability for a period of 5 3/7 weeks was suffered. His compensation rate under Section 8 of the Workmen's Compensation Act would be $13.20 per week, by virtue of the dependency shown. Temporary total disability would amount to $71.67 less a credit of $45.97, or a balance of $25.70 remaining due the claimant. In addition thereto, he is entitled to compensation for the loss of the first or index finger of the left hand in an amount equal to fifty (50) per cent of the average weekly wage during forty (40) weeks, or forty times $13.20, or $528.00. (Sec. 8 (e) 2 Workmen's Compensation Act.)

An award is therefore hereby made in favor of claimant as follows:

For balance due for temporary total disability...................... $ 25.70
For specific loss ............................................. 528.00

Total ............................................................. $553.70

Claimant was paid for 5 3/7 weeks temporary total disability.

He is now entitled to payment of accrued compensation for 16 4/7 weeks to April 6, 1940 at $13.20 per week or $218.74. The balance of the award or $334.96 is payable at the rate of $13.20 per week commencing April 13, 1940. Award accordingly.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly (S. B. 123 as amended) approved July 1, 1939;—and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for by the foregoing Acts.